UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KERRY L. AUGUSTINE, ELMA J. AUGUSTINE, TCF MORTGAGE CORP., BELTRAMI COUNTY, & MINNESOTA DEPT. OF REVENUE,<br><br>    Defendants, | Civil No. 11-CV-1488 (RHK/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon a "NOTICE OF REMOVAL TO ECCLESIASTICAL COURT OF JUSTICE" filed by Ryan Smith a self-titled "Clerk of Court" for the Ecclesiastical Court of Justice on behalf of Kerry and Elma Augustine (Docket Nos. 34 & 35). District Court Judge Richard H. Kyle has referred all dispositive motions and nondispositive motions in this case to the undersigned for disposition. (Docket No. 26).

The Court has previously admonished the Augustines for failing to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota. (Order [Docket No. 28]). Specifically, the Court noted that it will not hear dispositive motions "unless the moving party files along with the motion, a Notice of Motion, at least 42 days prior to the hearing on the matter." (Order, p. 2) (citing D. Minn. L.R. 7.1(b)). The Court advises the Augustines that it will summarily deny any future motions which fail to comply with the Local Rules and Federal Rules of Civil Procedure.

Nevertheless, the Court proceeds to consider the merits of the Augustines' motion for the sake of completeness.  The Notice of Removal applies only to the claims of Defendants Kerry Augustine and Elma Augustine.   The Court construes this motion as a motion to dismiss for lack of jurisdiction.  In their motion, the Augustines contend that the Free Exercise Clause of the First Amendment, Bill of Rights, the Religious Freedom Restoration Act of 1993, Public Law 97-280, and the Court's decision in <u>Hosanna-Tabor Lutheran Church v. Equal Employment Opportunity Commission</u>, 565 U.S. __ (2012) divest this Court of jurisdiction.  Instead, according to the Augustines, this case should be heard by the ecclesiastical court which purportedly issued this notice of removal.  According to the Augustines, the Bible prohibits Christians such as themselves from seeking the jurisdiction of or appearing before secular courts.  As such, the Augustines maintain that requiring them to appear in the United States District Court for the District of Minnesota compromises their religious beliefs.

However, the Court properly has subject matter jurisdiction over this case.  The United States brings a claim seeking to "reduce to judgment the unpaid federal tax liabilities assessed against Kerry L. Augustine and Elma J. Augustine; to foreclose on federal tax liens encumbering real property in Beltrami County, Minnesota, and; to have the proceeds from the foreclosure sale distributed to the parties." (Compl. [Docket No. 1]).  In the Complaint, the United States asserts that jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7401, 7402, and 7403.

The Court agrees that the present action seeking to recover unpaid taxes is properly before this Court.  The Constitution of the United States provides "[t]he judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress shall from time to time ordain and establish." U.S. Const., art. III, § 1.  The Constitution of the

United States grants to Congress authority to "lay and collect taxes on incomes." U.S. Const. amend. XVI.  In order to collect taxes, Congress has enacted laws conferring jurisdiction on the United States district courts.  28 U.S.C. § 1340 states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."  Moreover, "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402.  Thus, the Court has subject matter jurisdiction over the United States' claims against the Augustines.

The Augustines' contention that this case must be heard by an ecclesiastical court is without merit.  Undoubtedly, "[c]ivil courts lack any authority to resolve disputes arising under religious law and polity, and they must defer to the highest ecclesiastical tribunal within a hierarchical church applying its religious law."  Dixon v. Edwards, 290 F.3d 699, 711 (4th Cir. 2002).  The "First Amendment therefore commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine. This principle applies with equal force to church disputes over church polity and church administration."  Serbian E. Orthodox Diocese for the United States & Canada v. Milivojevich, 426 U.S. 696, 709-10 (1976).  Here, however, the Court is not presented with disputes over church polity or church administration.  Instead, this case is a suit brought by the United States to obtain payment of taxes from the Augustines. This determination in no way involves any question of church doctrine or hierarchy.  Therefore, the First Amendment does not require that the United States' claims against the Augustines be heard in an ecclesiastical court.

Moreover, the Augustines refer to the Court with alleged jurisdiction over their claims as the "Ecclesiastical Court of Justice, Central District, Colorado." However, it is unclear what religion Plaintiffs contend that this Court is part of or what authority this Court has to issue decisions. The "Ecclesiastical Court of Justice, Central District, Colorado" was not created by Congress as required to be considered a proper court with jurisdiction over federal cases. See U.S. Const. Art. III ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish). A "court can only be created by the sovereign power of a state or the federal government." Audio Investments v. Robertson, 203 F.Supp.2d 555, 565, n. 2 (D. S.C. 2002). Since the "Ecclesiastical Court of Justice" was not created by the state or federal government, any action taken on its behalf is "a complete and utter nullity, and ha[s] no force or effect." Id.

IT IS HEREBY RECOMMENDED THAT:

1. Kerry L. Augustine and Elma J. Augustine's Motion to Dismiss [Docket Nos. 34 & 35] be DENIED.

BY THE COURT:

Dated: March 2, 2012
s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 16, 2012,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and

Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.