IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Kerry L. Augustine, Elma J. Augustine, TCF Mortgage Corporation, Beltrami County, Minnesota and Minnesota Department of Revenue, | ) | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| | ) | Civil No. 11-cv-1488-RRE |
| Defendants. | ) | |

Before the Court is a Motion for Summary Judgment filed by the United States of America. (Doc. # 34). The United States appeared telephonically before the Court at a duly noticed hearing, through its attorney James C. Strong. Defendants Kerry L. Augustine and Elma J. Augustine (the Augustines) did not appear in person or by telephone at the hearing. (Clerk's minutes). The Court has carefully considered the briefs and documents filed by the parties and now issues this order.

## SUMMARY OF DECISION

The Court concludes there are no genuine issues of material fact. The Augustines raised long rejected tax protestor theories as a defense to the relief sought by the United States. Because the theories lack legal significance the court took the matter up at a duly noticed hearing to provide the Augustine the opportunity to establish a defense to the claims. Doc # 62. When the Augustines failed to appear at the hearing, despite being given to opportunity to appear and be heard in person

1

or telephonically, the court concluded that the Augustines have no meritorious defense to the claims of the United States as proved in its submissions to the Court.

## **DISCUSSION**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). It is axiomatic that the evidence is viewed in a light most favorable to the nonmoving party, and the nonmoving party enjoys the benefit of all reasonable inferences to be drawn from the facts. See, e.g., Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (quotations omitted). If the moving party shows there are no genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue for trial. Donovan, 298 F.3d at 529.

A fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The basic inquiry is whether the evidence presents a sufficient disagreement to require full consideration on the merits by a jury, or whether it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., 418 F.3d 820, 832 (8th Cir. 2005). When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate. Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995). However, although summary judgment may be an appropriate and useful tool to avoid useless and time-consuming trials, "[it] should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room

for controversy." Vacca, 875 F.2d at 1339 (citations omitted).

Here the supporting declarations of Mr. Miller and Mr Strong establish that the United States is entitled to the relief it seeks. (Doc. 42, 43) When given the opportunity to appear and rebut the submissions of the United States the Augustine did not appear or seek a continuance, but apparently relied solely on tax protestor theories that have been rejected in the courts. (Doc. # 56, 64, 65, 66, 67, 68).

## DECISION

The Motion for Summary Judgment is **GRANTED.** Judgement in favor of the United States and against Kerry L. Augustine for unpaid federal income taxes for 1998, 1999, 2001, 2002, 2003, 2004, 2005 and 2006 in the amount of $355,489.36, plus interest and other statutory additions accruing after May 30, 2012 as provided by law shall be entered. Judgment in favor of the United States and against Elma J Augustine for unpaid income taxes for 1998, 1999, 200, 2001, 2002, 2003 2004, 2005 and 2006 in the amount of $567,264.01 plus interest and other statutory additions accruing after May 30, 2012 as provided by law shall be entered. The court further orders that the property located at 3769 Estate Court N.E. in Bemidji, Minnesota with the following legal description shall be sold and the proceeds applied to partially satisfy the federal tax obligations of the Augustines. The legal description is:

> Lot 9, Block 2, Riverview Estates, according to the plat thereof, and situate in Beltrami County, Minnesota

**IT IS SO ORDERED. JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 28th day of November, 2012.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief District Judge
United States District Court for the District of North Dakota, sitting by designation